UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21894-CIV-COHN/SELTZER

JUSSI K. KIVISTO,

        Plaintiff,

v.

MICHAEL DAVID SOIFER,

        Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's

First Amended Complaint [DE 34] ("Motion").  The Court has carefully considered the

Motion, Plaintiff's Opposition [DE 42], Defendant's Reply [DE 47], Plaintiff's Surreply

[DE 51], and the arguments of the parties at the hearing before this Court on October 4,

2013, and is fully advised in the premises.

## I.        BACKGROUND

This action arises out of a series of disciplinary proceedings against Plaintiff, a

former Florida attorney.  Defendant is employed by the Florida Bar as bar counsel.

Am. Compl. [DE 27] ¶ 6.  In his role as bar counsel, Defendant filed a disciplinary

proceeding against Plaintiff in 2007 with the Florida Supreme Court; that proceeding

resulted in Plaintiff's 2010 disbarment.  Id. ¶ 16; see generally Fla. Bar v. Kivisto,

No. SC07-2281 (Fla.).[1]  Defendant initiated an additional contempt proceeding against

_____

[1] The Court takes judicial notice of the many prior proceedings and filings
referenced by the parties only for the fact of those proceedings and filings, and not for
the truth of the matters asserted therein.  See United States v. Jones, 29 F.3d 1549,

Plaintiff with the Florida Supreme Court on April 18, 2012, alleging that Plaintiff had continued to hold himself out as a practicing attorney while disbarred or suspended from the practice of law.  Am. Compl. ¶ 14; Motion Ex. 1 ("First Petition").  As a result of Plaintiff's voluminous filings, the Florida Supreme Court had previously entered an anti-filing injunction which prohibited Plaintiff from filing any papers with that court in relation to his disciplinary proceedings unless also signed by a member of the Florida Bar in good standing.  Fla. Bar v. Kivisto, 62 So. 3d 1137, 1139-40 (Fla. 2011).  Plaintiff, however, continued to file documents on his own behalf in the proceeding relating to the First Petition.  Am. Compl. ¶ 18, Exs. C & D.  Defendant thereafter filed another contempt petition on January 7, 2013, alleging, among other things, that Plaintiff had violated the Florida Supreme Court's anti-filing injunction by filing documents on his own behalf, and without the signature of a member of the Florida Bar.  Am. Compl. ¶ 19, Ex. E ("Second Petition").  The Florida Supreme Court denied the Second Petition without prejudice, noting that the parties could address the Second Petition's allegations in proceedings pending on the First Petition.  Am. Compl. ¶ 20, Ex. F.

The allegations of the Amended Complaint arise from the filing of the Second Petition.  Plaintiff contends that the Rules Regulating the Florida Bar only allow the filing of a contempt petition upon a finding by a disciplinary agency that the subject of the petition is in contempt.  Am. Compl. ¶¶ 23-24 (citing R. Regulating Fla. Bar 3-7.11(f)).  Plaintiff contends that no such finding of contempt by a disciplinary agency existed to justify Defendant's filing of the Second Petition.  Id. ¶ 23.  Plaintiff alleges that

---

1553 (11th Cir. 1994); Spadaro v. City of Miramar, 855 F. Supp. 2d 1317, 1335-36 (S.D. Fla. 2012).

Defendant therefore acted in clear absence of jurisdiction when he filed the Second

Petition.  Id. ¶ 27.  Plaintiff further alleges that Defendant filed the Second Petition

"unsupported by probable cause, with the intent to punish and retaliate against Plaintiff

for exercising his First Amendment petition rights," and also to "cover[] up Bar and Staff

Counsel's corruption of the judicial process."  Id. ¶ 52.  Plaintiff brings two claims

pursuant to 42 U.S.C. § 1983 on this basis: (1) First Amendment Retaliation

Prosecution—Freedom of Petition (id. ¶¶ 49-60); and (2) First Amendment Retaliation

Prosecution—Freedom of Speech (id. ¶¶ 61-72).

## II.    MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to

dismiss where the factual allegations of the complaint cannot support the asserted

cause of action.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).

"Factual allegations must be enough to raise a right to relief above the speculative

level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint

must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,

550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged

therein as true and drawing all reasonable inferences from those facts in the plaintiff's

favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because

the Court is doubtful that the plaintiff will be able to prove all of the necessary factual

allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss

"even if it appears that a recovery is very remote and unlikely."  Id. at 556 (internal

quotation marks omitted).

### III.     ANALYSIS

Defendant argues that he is entitled to immunity from suit for his filing of the Second Petition because he filed that petition in his capacity as bar counsel in disciplinary proceedings before the Supreme Court of Florida.  Motion at 11.  Plaintiff responds that Defendant is not entitled to immunity because he filed the Second Petition in a procedurally improper manner, and thus in "clear absence of all jurisdiction over the subject matter."  Opp'n at 6-13.  For the reasons discussed herein, the Court agrees with Defendant that his immunity from suit requires dismissal of this action.

Prosecutors enjoy absolute immunity from civil suit for acts within the scope of their official duties, including suits brought pursuant to 42 U.S.C. § 1983.  Rehberg v. Paulk, 611 F.3d 828, 837-38 (11th Cir. 2010), aff'd, 132 S. Ct. 1497 (2012).  This absolute immunity applies without regard to whether a prosecutor possessed any retaliatory animus or lacked probable cause to initiate a proceeding.  Id. at 849; see also Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously . . . ." (internal quotation marks omitted)).

The doctrine of absolute immunity applies with equal force to the prosecutorial function of bar counsel, who serve as an arm of the Florida Supreme Court, with respect to disciplinary proceedings.  See Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (affirming dismissal of § 1983 action against agents of Florida Bar on basis of absolute immunity); Mueller v. Fla. Bar, 390 So. 2d 449, 452-53 (Fla. 4th DCA 1980) (affirming dismissal of complaint against Florida Bar attorney because attorney enjoyed absolute prosecutorial immunity).  Because Defendant filed the Second Petition in his

role as bar counsel pursuing disciplinary proceedings against Plaintiff, Defendant is immune from suit based upon that filing.

Plaintiff argues that absolute immunity nevertheless fails to protect Defendant from suit because Defendant was acting in absence of jurisdiction when he filed the Second Petition.  Plaintiff alleges that Defendant failed to follow the procedures for filing a contempt petition set forth in Florida Bar Rule 3-7.11(f)(1)(A), which directs bar counsel to file a petition for contempt upon a finding of contempt by a disciplinary agency.  Opp'n at 7.  Plaintiff argues that Defendant's failure to obtain a disciplinary agency's contempt finding prior to filing the Second Petition rendered Defendant's actions in "clear absence of all jurisdiction," and outside the scope of absolute immunity. Id. at 6-7 (citing Maestri v. Jutkofsky, 860 F.2d 50, 51 (2d Cir. 1988)).

Both Plaintiff and Defendant, however, conflate judicial and prosecutorial immunity in arguing whether an exception to Defendant's absolute immunity should apply.  The parties disagree regarding whether Defendant's filing of the Second Petition was done "in clear absence of all jurisdiction" because the filing was procedurally deficient.  Motion at 10-12; Opp'n at 9-13.  The "clear absence of jurisdiction" exception, however, pertains to actions taken by a judge in the absence of subject matter jurisdiction.  Dykes v. Hosemann, 776 F.2d 942, 946-48 (11th Cir. 1985).  In contrast, a prosecutor enjoys absolute immunity unless acting outside of the scope or *territorial* jurisdiction of his office.  Elder v. Athens-Clarke Cnty. ex rel. O'Looney, 54 F.3d 694, 695 (11th Cir. 1995); see also Smith v. Shorstein, 217 F. App'x 877, 880 (11th Cir. 2007) (contrasting judicial and prosecutorial exceptions to absolute immunity); Grant v. Hartery, No. 06-429, 2008 U.S. Dist. LEXIS 22181, at *34-36 & n.16 (M.D. Fla. Mar. 20,

2008) (same).  The initiation of contempt proceedings is squarely within the scope of

Defendant's prosecutorial role as bar counsel.  See Rivera v. Leal, 359 F.3d 1350, 1353

(11th Cir. 2004) (actions within prosecutor's role as advocate include initiation and

pursuit of proceedings).  Indeed, Florida Bar Rule 3-7.11(f)(1)(A) explicitly designates

bar counsel as responsible for the filing of a contempt petition.  Moreover, as counsel

for the Florida Bar in disciplinary proceedings relating to a Florida attorney before the

Florida Supreme Court, Defendant has not exceeded any territorial limitations that might

apply to his office.  Defendant's immunity for the filing of the Second Petition thus

survives, notwithstanding Plaintiff's argument that Defendant acted in clear absence of

jurisdiction.  See Elder, 54 F.3d at 695.

    What remains of Plaintiff's argument is that immunity is inappropriate because

Defendant attempted to "side-step[] the judicial process" and "avoid[] judicial scrutiny"

by filing the Second Petition unsupported by a disciplinary agency's finding of contempt.

Opp'n at 7.   Plaintiff cites to Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012),

for the proposition that a prosecutor can forfeit his immunity if he acts in a manner

designed to evade judicial oversight.  Opp'n at 7; Surreply at 3-5.  In Lacey, the Ninth

Circuit faced a situation in which a prosecutor had issued grand jury subpoenas to a

critical newspaper, but had not appeared before a grand jury or received other

necessary prior approvals required by Arizona law.  693 F.3d at 909-10.  The Ninth

Circuit held that, because the prosecutor had "side-stepped the judicial process" by

circumventing the predicates for issuance of a grand jury subpoena, he had forfeited the

immunity accorded prosecutors for their role in that process.  Id. at 914.

Lacey is factually distinguishable from the case at bar.  First, the prosecutor's liability in Lacey arose from the improper issuance of subpoenas.  As the Lacey court acknowledged, the Eleventh Circuit has distinguished between actions taken by a prosecutor during investigation—such as the issuance of subpoenas—and actions taken by a prosecutor in his role as an advocate.  Id. at 914 n.5 (citing Rehberg, 611 F.3d at 842).  Under Eleventh Circuit precedent, a prosecutor is absolutely immune for his actions in his role as an advocate, but only receives qualified immunity for investigatory actions.  Rehberg, 611 F.3d at 837-38, 842.  Here, Plaintiff does not allege that his injury arose from any of Defendant's investigatory actions.  Instead, Plaintiff takes issue with Defendant's filings on behalf of the Florida Bar and against Plaintiff before the Florida Supreme Court—actions squarely within Defendant's role as an advocate.  See Rivera, 359 F.3d at 1353.  As acknowledged by the Ninth Circuit in Lacey, a prosecutor is absolutely immune for such actions taken in his role as an advocate within the Eleventh Circuit.  693 F.3d at 914 n.5; see also Rehberg, 611 F.3d at 837-38.

Moreover, the prosecutor allegedly used the subpoenas in Lacey as part of a scheme to obtain documents and files from the plaintiffs without the requisite judicial review.  693 F.3d at 909, 914.  The Lacey court held that by avoiding judicial scrutiny of the issuance of the subpoenas, the prosecutor had sidestepped the judicial process and thus "forfeited the protections the law offers to those who work within the process." Id. at 914.  In contrast, Defendant did not attempt to evade judicial scrutiny, but affirmatively sought judicial review of the Second Petition by filing it with the Florida Supreme Court.  E.g., Am. Compl. ¶ 1.  Defendant's filing of the Second Petition was

7

therefore not an act designed to step outside of the judicial process such as might deprive him of immunity for his participation in that process.  Moreover, to the extent Defendant filed the Second Petition in a procedurally improper manner, even "grave procedural errors" will not destroy absolute immunity.  Conard v. Evans, 193 F. App'x 945, 947-48 (11th Cir. 2006); see also Smith, 217 F. App'x at 880 (declining to strip prosecutors of immunity for having plaintiff committed, even where plaintiff alleged that prosecutors had not fulfilled prerequisites of civil commitment statute and acted in "clear absence of jurisdiction").  The Court thus rejects Plaintiff's Lacey-based argument that Defendant's allegedly procedurally improper filing of the Second Petition deprives Defendant of immunity.

In sum, Defendant is absolutely immune from suit for his filing of the Second Petition.  This immunity adheres despite Defendant's alleged procedural missteps.  Plaintiff thus cannot state a claim for damages based upon Defendant's filing of the Second Petition, and this suit must be dismissed.[2]

### IV.     CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.   Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [DE 34] is **GRANTED**;

2.   The First Amended Complaint [DE 27] is **DISMISSED with prejudice**; and

3.   The Court shall enter a separate Final Judgment consistent with this ruling.

_____

[2] Because the Court shall dismiss this action on immunity grounds, it declines to address the parties' remaining arguments.

8

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 7th day of October, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Jussi K. Kivisto, *pro se*
1010 Tenth Avenue North, Suite 2
Lake Worth, FL 33460-2167