UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21894-CIV-COHN/SELTZER

JUSSI K. KIVISTO,

    Plaintiff,

v.

MICHAEL DAVID SOIFER,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Reconsideration of Order Dismissing Plaintiff's First Amended Complaint [DE 61] ("Motion").  The Court has considered the Motion, Defendant's Opposition [DE 62], and Plaintiff's Reply [DE 63], and is otherwise advised in the premises.

**I.  BACKGROUND**

This action arises out of a series of disciplinary proceedings against Plaintiff, a former Florida attorney.  Defendant is employed by the Florida Bar as bar counsel. DE 27 ¶ 6.  In his role as bar counsel, Defendant has been involved with disciplinary proceedings against Plaintiff before the Florida Supreme Court.  Id. ¶ 16.  In the course of those proceedings, Defendant filed a contempt petition (the "Contempt Petition") against Plaintiff alleging, among other things, that Plaintiff had violated an anti-filing injunction.  Id. ¶ 19.  Plaintiff's allegations herein arise from the filing of the Contempt Petition.  Plaintiff contends that the Rules Regulating the Florida Bar only allow the filing of a contempt petition upon a finding by a disciplinary agency that the subject of the petition is in contempt.  Id. ¶¶ 23–24.   Plaintiff contends that no such finding of

contempt by a disciplinary agency existed to justify Defendant's filing of the Contempt Petition.  Id. ¶ 23.  Plaintiff alleges that Defendant therefore acted in clear absence of jurisdiction when he filed the Contempt Petition, violating Plaintiff's constitutional rights in the process.  Id. ¶ 27.

On July 31, 2013, Defendant filed a motion to dismiss this action on various grounds, including that Defendant was immune from liability relating to Plaintiff's disciplinary proceedings because Defendant was acting within the scope of his role as bar counsel for the Florida Bar at all times.  See DE 34 at 9–17.  On October 7, 2013, the Court granted the motion and dismissed this action, finding that Defendant was immune from liability for the conduct at issue.  DE 59 at 4–8 ("Order of Dismissal").  Plaintiff now moves for reconsideration of the Order of Dismissal under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.  DE 61 at 1.

## II.   LEGAL STANDARD

Three grounds justify reconsideration of an earlier order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004).  A motion for reconsideration is not a tool for relitigating what a court has already decided. See Reyher v. Equitable Life Assurance Soc'y, 900 F. Supp. 428, 430 (M.D. Fla. 1995). Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal quotation marks omitted).  Reconsideration of a previous order is "an extraordinary remedy, to be employed sparingly."  Williams, 320 F. Supp. 2d at 1358 (internal quotation marks omitted).

Rule 60(b), on the other hand, allows for reconsideration upon grounds including mistake, newly discovered evidence, and fraud.  Fed. R. Civ. P. 60(b).  Rule 60(b) also contains a "catch-all" provision allowing reconsideration for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  A district court has broad discretion in ruling upon a motion for reconsideration under Rule 60(b), and should balance the need for substantial justice against the sanctity of final judgments.  Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).  Moreover, a motion for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (per curiam) (internal quotation marks omitted).

## III.  DISCUSSION

Plaintiff contends that reconsideration of the Order of Dismissal is warranted because the Court's prior determinations constitute a clear error of law or would create manifest injustice.  See DE 61 at 2.  Plaintiff's Motion begins with a lengthy discourse on the nature of the immunities he contends are appropriate for bar counsel such as Defendant.  Id. at 2–10.  Plaintiff then explains why he believes Defendant's filing of the Contempt Petition in furtherance of a "political war" against Plaintiff justifies stripping Defendant of any immunity.  Id. at 10–16.  Plaintiff relies in particular upon Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012), for the proposition that Defendant's "end-run" around the Florida Bar in filing the Contempt Petition without a predicate finding of contempt by a disciplinary agency should defeat immunity in this case.  See DE 61 at 10–16.

The Court considered Plaintiff's Lacey-based argument in its Order of Dismissal, and found Lacey inapplicable here for the reasons set forth in that Order.  See DE 59

3

at 6–8.  Despite Plaintiff's reliance upon Lacey and similar cases, the Court held that Defendant's procedurally improper filing of the Contempt Petition would not rob Defendant of immunity, whichever paradigm of immunity may apply.  See id. at 7–8 (citing Smith v. Shorstein, 217 F. App'x 877, 880 (11th Cir. 2007) (per curiam); Conard v. Evans, 193 F. App'x 945, 947–48 (11th Cir. 2006) (per curiam)).  Plaintiff has presented no new argument or evidence to convince the Court that its prior determinations achieved the wrong result.

Moreover, Plaintiff's suggestions of error reveal that the Motion is an attempt to relitigate issues already disposed of by this Court upon substantial deliberation.  In the Motion, Plaintiff reasserts his prior arguments and contends that the Court erred in rejecting them.  Plaintiff disagrees with the Court's assessment of Lacey's applicability. See DE 61 at 14 ("With all due respect to this Court, Lacey is not factually distinguishable from our case.").  Plaintiff also disagrees with the Court's view of the procedurally improper Contempt Petition as insufficient to strip Defendant of immunity. See id. at 15 ("Therefore, with all due respect to this Court, for the Court to say that Defendant did not attempt to evade judicial scrutiny [in filing the Contempt Petition] is simply a bridge too far.").  It is natural that a litigant facing an adverse determination would take issue with the reasoning of the Court, however such disagreement is insufficient to justify reconsideration of a prior order.  In the absence of novel arguments that the Order of Dismissal constituted clear error, created manifest injustice or other undue hardship, or was otherwise erroneous, the Court rejects Plaintiff's request for reconsideration, and will deny the Motion.

IV.  **CONCLUSION**

In sum, the Court rejects Plaintiff's contention that reconsideration of its Order of Dismissal is warranted under either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.  It is accordingly

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration of Order Dismissing Plaintiff's First Amended Complaint [DE 61] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of January, 2014.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

Jussi K. Kivisto, *pro se*
1010 Tenth Avenue North, Suite 2
Lake Worth, FL 33460-2167